**FILED**

**APR 2 8 2015**

Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Valentine B. Andela, ) | |
| ) | |
| Plaintiff, ) | Case: 1:15-cv-00645  Jury Demand |
| ) | Assigned To : Unassigned |
| v. ) | Assign. Date : 4/28/2015 |
| ) | Description: Pro Se Gen. Civil  (F Deck) |
| USA/U.S. Equal Employment ) | |
| Opportunity Commission, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. For the reasons explained below, the Court will grant plaintiff's application and will dismiss the case as precluded by his prior litigation against the same defendants.

Under the doctrine of *res judicata*, a final judgment on the merits in one action "bars any further claim based on the same 'nucleus of facts' . . . ." *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984) (quoting *Expert Elec., Inc. v. Levine*, 554 F.2d 1227, 1234 (D.C. Cir. 1977)). *Res judicata* bars the relitigation "of issues that were or *could have been raised* in [the prior] action." *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) (emphasis in original) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). Consequently, "a party cannot escape application of the doctrine by raising a different legal theory or seeking a different remedy in the new action that was available to [him] in the prior action." *Duma v. JPMorgan Chase*, 828 F. Supp. 2d 83, 86-87 (D.D.C. 2011), *aff'd sub nom. Duma v. JPMorgan Chase & Co.*, No. 11-7147, 2012 WL



1450548 (D.C. Cir. Apr. 20, 2012) (citing *Apotex, Inc. v. Food & Drug Admin.*, 393 F.3d 210, 217 (D.C. Cir. 2004)).

Although *res judicata* is an affirmative defense that typically must be pled, courts "may raise the *res judicata* preclusion defense *sua sponte*," *Rosendahl v. Nixon*, 360 Fed.App'x. 167, 168 (D.C. Cir. 2010) (citing *Arizona v. California*, 530 U.S. 392, 412-13 (2000); *Brown v. D.C.*, 514 F.3d 1279, 1285-86 (D.C. Cir. 2008)), and a "district court may apply *res judicata* upon taking judicial notice of [a] [party's] previous case," *Tinsley v. Equifax Credit Info. Serv's, Inc.*, No. 99-7031, 1999 WL 506720 (D.C. Cir. June 2, 1999) (per curiam) (citing *Gullo v. Veterans Cooperative Housing Ass'n*, 269 F.2d 517 (D.C. Cir. 1959) (per curiam)).

Plaintiff lives in Upper Darby, Pennsylvania. He sues the United States and the Equal Employment Opportunity Commission ("EEOC") under the Sunshine Act, 5 U.S.C. § 552b, the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-06, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02. *See* Verified Compl. for Injunctive Relief, Declaratory Relief and Legal Damages ("Compl.") ¶ 1. As in his prior litigation in the Eastern District of Pennsylvania, plaintiff essentially challenges "the EEOC's failure to provide him with an unredacted copy of the substantial weight review," *Andela v. Administrative Office of U.S. Courts*, 569 Fed.App'x 80, 82 (3d Cir. 2014) (per curiam)--but here under the Sunshine Act instead of the Freedom of Information Act ("FOIA"). *See* Compl. at 12-13. In addition, plaintiff challenges the EEOC's "handling of his Title VI and Title VII claims" of employment discrimination, *Andela*, 569 Fed.App'x at 82--but here directly under the APA. *See* Compl. at 14-19. Finally, plaintiff seeks a declaration with regard to the EEOC's handling of his case. *See* Compl. at 21 (Prayer for Relief); *cf. Andela*, 569 Fed.App'x at 83 ("Andela's complaint demanded a declaration that he was 'continuingly prevented from properly litigating his Title VI and Title VII claims' because

the defendants 'actively misled [him] respecting his cause of action' and 'prevented [him] from asserting his rights[.]'") (alterations in original).

As applicable to the claims presented here, the Third Circuit Court of Appeals affirmed the district court's dismissal of plaintiff's claim for declaratory relief and ruled that the district court had "correctly determined that the federal agencies sued by Andela [including the EEOC] are immune from suit." *Andela*, 569 Fed.App'x at 83-84, quoting *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997) ("Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance.") In addition, the Third Circuit affirmed the district court's grant of summary judgment to the EEOC on plaintiff's FOIA claim challenging the agency's redaction of information from the Substantial Weight Review. *See id.* at 84-85. Plaintiff cannot relitigate those adjudicated claims simply by invoking different statutes. Moreover, relief is not available to him under either the APA or the Sunshine Act because the FOIA and Title VII each "provides a 'comprehensive system to administer [the] public rights' " asserted in the complaint. *Johnson v. Executive Office for U.S. Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002) (quoting *Spagnola v. Mathis*, 859 F.2d 223, 228 (D.C. Cir. 1988)) (en banc). And "[i]t is clear that courts are precluded from granting [other] relief" under such circumstances. *Id.* Hence, this case will be dismissed with prejudice. A separate order accompanies this Memorandum Opinion.

Date: April 26, 2015

United States District Judge